IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ENTERPRISE SYSTEMS TECHNOLOGIES S.a.r.l., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 6:14-cv-555 |
| | : | |
| SAMSUNG ELECTRONICS CO., LTD., | : | Jury Trial Demanded |
| SAMSUNG ELECTRONICS AMERICA, INC., | : | |
| SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, | : | |
| Defendant. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

1.      Enterprise Systems Technologies S.a.r.l. ("Enterprise" or "Plaintiff"), for its Complaint against Samsung Electronics Co., Ltd.,  Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung" or "Defendant"), hereby alleges as follows:

## THE PARTIES

2.      Enterprise is a foreign corporation organized under the laws of Luxembourg, located at 296-298 route de Longwy, Grand-Duche de Luxembourg.

3.      Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of South Korea, with its principal place of business located at Samsung Electronics Bldg., 1320-10 Seocho 2-dong, Seocho-gu, Seoul 137-857, South Korea. Samsung Electronics Co., Ltd. is the parent corporation of Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC, who run Samsung Electronics Co., Ltd.'s operations within the United States. Upon information and belief, Samsung Electronics Co., Ltd. is in the business of

designing, developing, manufacturing, selling for importation into the United States, selling, selling after importation into the United States and instructing purchasers on the use of communications or computing devices and messaging and telephony devices and components thereof.  Such devices include, but are not limited to, smartphone handsets, tablet computers, e-readers, media players, laptop computers, and other network-capable consumer electronic devices, and components thereof.  Samsung Electronics Co., Ltd. has identified the United States as a major market for Samsung products.

4.      Defendant Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.  Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Electronics America, Inc. is the managing entity for the North American operations of Samsung Telecommunications America, LLC. Upon information and belief, Samsung Electronics America, Inc., imports into the United States, sells in the United States, sells after importation into the United States, and instructs purchasers on the use of a variety of communications or computing devices and messaging and telephony devices and components thereof, including mobile telephone handsets, media players, tablet computers, laptop computers, and components thereof.

5.      Defendant Samsung Telecommunications America, LLC (a/k/a Samsung Mobile and Samsung Wireless) is a subsidiary of Samsung Electronics America, Inc., with an ultimate parent of Samsung Electronics Co., Ltd.  Samsung Telecommunications America, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 1301 Lookout Drive, Richardson, Texas 75082. Upon information and belief, Samsung Telecommunications America, LLC imports into the United

States, sells in the United States, sells after importation into the United States, and instructs purchasers on the use of  a variety of communications or computing devices and messaging and telephony devices  and components thereof, including mobile telephone handsets, media players, laptop computers,  tablet computers, and components thereof.

## NATURE OF THE ACTION

6.      This is a civil action for the infringement of United States Patent No. 5,870,610 (the "'610 Patent")(attached as Exhibit A) entitled "Autoconfigurable method and system having automated downloading"; United States Patent No. 6,785,381 (the "'381 Patent")(attached as Exhibit B)  entitled "Telephone having improved hands free operation audio quality and method of operation thereof"; United States Patent No. 6,594,366 (the "'366 Patent")(attached as Exhibit C) entitled "Headset/radio auto sensing jack"; United States Patent No. 7,454,201 (the "'201 Patent")(attached as Exhibit D) entitled "System for providing message services through a private network and mobile station"; and United States Patent No. 6,236,642 (the "'642 Patent")(attached as Exhibit E) entitled "Apparatus and method for network resource preservation" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

7.      Enterprise is the lawful assignee and owner of all right, title and interest in and to the Patents-in-Suit.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United Stated, 35 U.S.C. § 101, *et seq.*

9.     This Court has personal jurisdiction over Samsung Electronics Co., Ltd. because, upon information and belief, Samsung Electronics Co., Ltd. has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung Electronics Co. Ltd. would not offend traditional notions of fair play and substantial justice. Samsung Electronics Co., Ltd., directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by among other things offering to sell and selling products that infringe the asserted patents.

10.    This Court has personal jurisdiction over Samsung Electronics America, Inc. because, upon information and belief, Samsung Electronics America, Inc. has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung Electronics America, Inc. would not offend traditional notions of fair play and substantial justice. Samsung Electronics America, Inc., directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by among other things offering to sell and selling products that infringe the asserted patents.

11.    This Court has personal jurisdiction over Samsung Telecommunications America, LLC because, upon information and belief, Samsung Telecommunications America, LLC has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung Telecommunications America, LLC would not offend traditional notions of fair play and substantial justice. Samsung Telecommunications America, LLC, directly and through

subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by among other things offering to sell and selling products that infringe the asserted patents.

12.     Venue in this district is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because Samsung is subject to personal jurisdiction in this district and has committed acts of infringement in this District. Samsung makes, uses, and/or sells infringing products within the Eastern District of Texas, has continuing presence within the District, and has the requisite minimum contacts with the District such that this venue is a fair and reasonable one. Upon information and belief, Samsung has transacted and, at the time of the filing of this Complaint, is continuing to transact, business within the District.

## COUNT I
### (Samsung's Infringement of the '610 Patent)

13.     Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

14.     Enterprise is the assignee and lawful owner of all right, title and interest in and to the '610 Patent.

15.     The '610 Patent is valid and enforceable.

16.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '610 Patent. Such devices are communications or computing devices, or components thereof, including for example but without limitation, smartphone handsets, tablet computers, media players, laptop computers, and other communication- and/or computing-capable consumer

electronic devices, such as Samsung's Galaxy S5 smartphone device other similar devices embodying the '610 Patent.

17.     Samsung actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '610 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '610 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

18.     Samsung has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '610 Patent, knowing those products to be especially made or adapted to infringe the '610 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

19.     Samsung has had knowledge of and notice of the '610 Patent and its infringement since at least, and through, the filing and service of the Complaint.

20.     Samsung has and continues to infringe one or more of the claims of the '610 Patent through the aforesaid acts.

21.     Enterprise is entitled to recover damages adequate to compensate for Samsung's infringement.

## COUNT II
### (Samsung's Infringement of the '381 Patent)

22.     Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

23.     Enterprise is the assignee and lawful owner of all right, title and interest in and to the '381 Patent.

24.     The '381 Patent is valid and enforceable.

25.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '381 Patent. Such devices are communications or computing devices, or components thereof, including for example but without limitation, smartphone handsets, tablet computers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, such as Samsung's Galaxy S5 smartphone device and other similar devices embodying the '381 Patent.

26.     Samsung actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '381 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '381 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import

infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

27.     Samsung has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '381 Patent, knowing those products to be especially made or adapted to infringe the '381 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

28.     Samsung has had knowledge of and notice of the '381 Patent and its infringement since at least, and through, the filing and service of the Complaint.

29.     Samsung has and continues to infringe one or more of the claims of the '381 Patent through the aforesaid acts.

30.     Enterprise is entitled to recover damages adequate to compensate for Samsung's infringement.

## COUNT III
### (Samsung's Infringement of the '366 Patent)

31.     Paragraphs 1 through 30 are incorporated by reference as if fully restated herein.

32.     Enterprise is the assignee and lawful owner of all right, title and interest in and to the '366 Patent.

33.     The '366 Patent is valid and enforceable.

34.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '366 Patent. Such devices are communications or computing devices, or components thereof, including for example but without limitation, smartphone handsets, tablet computers, media players, laptop computers, and other communication- and/or computing-capable consumer electronic devices, such as Samsung's Galaxy S5 smartphone device and other similar devices embodying the '366 Patent.

35.     Samsung actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '366 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '366 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

36.     Samsung has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications

or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '366 Patent, knowing those products to be especially made or adapted to infringe the '366 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

37.     Samsung has had knowledge of and notice of the '366 Patent and its infringement since at least, and through, the filing and service of the Complaint.

38.     Samsung has and continues to infringe one or more of the claims of the '366 Patent through the aforesaid acts.

39.     Enterprise is entitled to recover damages adequate to compensate for Samsung's infringement.

## COUNT IV
### (Samsung's Infringement of the '201 Patent)

40.     Paragraphs 1 through 39 are incorporated by reference as if fully restated herein.

41.     Enterprise is the assignee and lawful owner of all right, title and interest in and to the '201 Patent.

42.     The '201 Patent is valid and enforceable.

43.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '201 Patent. Such devices are communications or computing devices, or components thereof, including for example but without limitation, smartphone handsets, tablet computers, media players, laptop computers, and other communication- and/or computing-capable consumer

electronic devices, such as Samsung's Galaxy S5 smartphone device and other similar devices embodying the ' 201 Patent.

44.     Samsung actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '201 Patent by making, using, offering for sale, importing, and selling infringing communications or computing devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing communications or computing devices, all with knowledge of the '201 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing communications or computing devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing communications or computing devices through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

45.     Samsung has also contributed to the infringement of others, including the end users of infringing communications or computing devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing communications or computing devices into the United States, knowing that those products constitute a material part of the inventions of the '201 Patent, knowing those products to be especially made or adapted to infringe the '201 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

46.     Samsung has had knowledge of and notice of the '201 Patent and their infringement since at least, and through, the filing and service of the Complaint.

47.     Samsung has and continues to infringe one or more of the claims of the '201 Patent through the aforesaid acts.

48.     Enterprise is entitled to recover damages adequate to compensate for Samsung's infringement.

## COUNT IV
### (Samsung's Infringement of the '642 Patent)

49.     Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50.     Enterprise is the assignee and lawful owner of all right, title and interest in and to the '642 Patent.

51.     The '642 Patent is valid and enforceable.

52.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that directly and/or indirectly infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '642 Patent. Such devices are messaging and telephony devices, and components thereof, including for example but without limitation, smartphone handsets and tablet computers, such as Samsung's Galaxy S5 smartphone device and other similar devices embodying the '642 Patent.

53.     Samsung actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce infringement of the '642 Patent by making, using, offering for sale, importing, and selling infringing messaging and telephony devices, as well as by contracting with others to use, market, sell, offer to sell, and import infringing messaging and telephony devices, all with knowledge of the '642 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import infringing messaging and telephony devices; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of infringing messaging and telephony devices through the

creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

54.     Samsung has also contributed to the infringement of others, including the end users of infringing messaging and telephony devices, and continues to contribute to infringement by others, by selling, offering to sell, and importing the infringing messaging and telephony devices into the United States, knowing that those products constitute a material part of the inventions of the '642 Patent, knowing those products to be especially made or adapted to infringe the '642 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

55.     Samsung has had knowledge of and notice of the '642 Patent and their infringement since at least, and through, the filing and service of the Complaint.

56.     Samsung has and continues to infringe one or more of the claims of the '642 Patent through the aforesaid acts.

57.     Enterprise is entitled to recover damages adequate to compensate for Samsung's infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      A judgment that the '610 Patent, the '381 Patent, the '366 Patent, the '201 Patent, and the '642 Patent are valid and enforceable.

b)      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '610 Patent;

c)      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '381 Patent;

d)      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the'366 Patent;

e)      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '201 Patent;

f)      A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '642 Patent; and

g)      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i.   that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii.  that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

DATED:  June 17, 2014                    Respectfully submitted,

                                         /s/  James  M.  Wodarski  (w/permission  T.
                                         John Ward, Jr.)
                                         James M. Wodarski (Lead Attorney)
                                         Michael T. Renaud
                                         Michael J. McNamara
                                         Aarti Shah
                                         Andrew H. DeVoogd
                                         MINTZ LEVIN COHN FERRIS
                                         GLOVSKY AND POPEO PC
                                         Boston, MA 02111
                                         Tel: 617-542-6000
                                         Fax: 617-542-2241
                                         www.mintz.com

                                         T. John Ward, Jr.
                                         Texas State Bar No. 00794818
                                         WARD & SMITH LAW FIRM
                                         1127 Judson Road, Ste. 220
                                         Longview, Texas 75601
                                         Telephone: (903) 757-6400
                                         Facsimile: (903) 757-2323
                                         E-mail: jw@wsfirm.com

                                         **ATTORNEYS FOR PLAINTIFF**